UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARLA BROWN,

                Plaintiff,

-against-

RXR SOYO EXALTA, LLC (SAWYER PLACE),

                Defendant.

24-CV-4250 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, proceeding *pro se*, invokes the Court's federal question jurisdiction, alleging that Defendant is violating her "civil/sovereign" rights with respect to eviction proceedings in the Yonkers City Court.[1] Named as Defendant is RXR Soyo Exalta, LLC (Sawyer Place), which Plaintiff describes as a "Fictitious, Foreign entity" (ECF 1, at 9), and which appears to be her landlord. On June 7, 2024, Plaintiff filed a "Notice of Motion Emergency" requesting preliminary injunctive relief in the form of an order staying a judgment in Plaintiff's eviction proceedings in the Yonkers City Court. (ECF 5.)

## BACKGROUND

      In the complaint, Plaintiff alleges that, on December 1, 2023, she entered into a "trust deed" with Defendant to take possession of an apartment unit in Yonkers. On December 15, 2024, Plaintiff "submitted a Notice of Recission deducting liability to pay on behalf of the obligor, as the agreement was entered into fraudulently or due to a mistake." (ECF 1, at 9.) Defendant "did not respond or rebut [the] Notice." (*Id.*) On January 10, 2024, Plaintiff received a

---

[1] Plaintiff brings her claims using the courts' general complaint form, which refers the court to an attached complaint that is captioned for the "9th JD – Supreme & County Court of Westchester County." (*See* ECF 1.)

notice from Defendant "stating that her beneficial interest in the property would be terminated due to 'non-payment of fees[.]'" (*Id.* at 10.) On March 5, 2024, Plaintiff "provided a Bonded Bill of Exchange in the amount of $12,463.03," but Defendant "did not return the draft with Certificate of Protest/Notice of Dishonor, respond nor rebut." (*Id.*) On March 15, 2024, Plaintiff sent Defendant "a Notice and Failure to Respond" that gave Defendant three days to respond, and stated that "failure to do so shall mean . . . that the facts stated therein are true and that [Defendant] Agree[s] that they have ledgered the Account, thereby closing and settling the matter." (*Id.*) On March 19, 2024, Defendant filed a Notice of Nonpayment Petition in the Yonkers City Court alleging that Plaintiff was in "default of the retail installment agreement." (*Id.*) Plaintiff alleges that she was therefore "left with no choice but to file this lawsuit seeking relief for breach of fiduciary duty, wrongful termination of her beneficial interest in the property, and seeking an accounting for all income and profits generated from the property." (*Id.*) In the complaint, Plaintiff seeks, among other relief, a declaration that she has "the right to live & enjoy peaceful enjoyment of my domicile free from outside interference and the threat of forceful eviction." (*Id.*)

In her motion for emergency relief, Plaintiff requests that the Court issue a stay of the judgment entered by the Yonkers City Court on April 18, 2024, pending the outcome of this action. (ECF 5, at 1.) Plaintiff attaches to the motion a May 22, 2024 "14 Day Notice of Eviction" issued by Chief Marshal of the City of Yonkers, directing Plaintiff to vacate her apartment by June 7, 2024. (ECF 5-1, at 1.)

## DISCUSSION

To obtain preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and

a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Specifically, neither the complaint nor the motion alleges facts suggesting that this Court has subject matter jurisdiction of Plaintiff's claims. Moreover, depending on whether Plaintiff's state court eviction proceedings are ongoing or final, the relief she seeks – federal court intervention in her state court eviction proceedings – is likely barred by either the *Younger* abstention doctrine[2] or the *Rooker-Feldman* doctrine.[3]

---

[2] The *Younger* abstention doctrine cautions federal courts against enjoining or otherwise interfering in ongoing state proceedings. *See Sprint Comms., Inc. v. Jacobs*, 571 U.S 69, 77-78 (2013) (defining "*Younger's* scope"); *see generally Younger v. Harris*, 401 U.S. 37, 43-45 (1971). When a plaintiff "seek[s] injunctive relief relating to the same property that is the subject matter of the underlying state court action[,]" *Younger* abstention applies. *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210, 2015 WL 5884797, at *4 (E.D.N.Y. Oct. 8, 2015); *see Clark v. Bloomberg*, No. 10-CV-1263, 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (holding that *Younger* abstention doctrine precludes federal district court from staying pending state-court foreclosure and eviction proceedings because "both concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide [the plaintiff] with an adequate forum to make the arguments he seeks to raise in this court").

[3] The *Rooker-Feldman* doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Accordingly, Plaintiff's request for preliminary injunctive relief (ECF 5) is denied. The Court will address the claims in Plaintiff's complaint in due course.

## CONCLUSION

Plaintiff's request for an order to show cause (ECF 5) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 10, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge