UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARLA McKEIDA BROWN,

              Plaintiff,

-against-

JENNIFER L. ALEXANDER; ALISON LENIHAN, ESQ.; RXR SOYO EXALTA, LLC; STATE OF NEW YORK,

              Defendants.

1:24-CV-4250 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Marla McKeida Brown, who appears *pro se*, brings this action asserting claims under 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1983, and the Racketeer Influenced and Corrupt Organizations Act ("RICO").[1] She sues: (1) Jennifer L. Alexander; (2) Alison Lenihan; (3) RXR SOYO EXALTA, LLC ("RXR"); and (4) the State of New York. Plaintiff seeks damages and injunctive relief.[2] The Court construes Plaintiff's amended complaint as also asserting claims under state law. For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff's amended complaint is the operative pleading for this action. (ECF 8.)

[2] In an order dated June 10, 2024, the Court denied Plaintiff's request for preliminary injunctive relief. (ECF 7.)

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff's amended complaint is difficult to understand, but Plaintiff seems to allege the following: As the beneficiary and the executrix of the "Marla Brown Estate Trust, [Plaintiff] entered into a trust deed agreement with RXR . . . with expressed intent on November 21, 2023,

conveying property addressed 45 Main St. . . . Yonkers, New York . . . for the benefit of [Plaintiff, such that she would] take possession of the property on December 1, 2023." (ECF 8, at 5.) RXR, however, "failed to disclose all matters related to the agreement[,] [b]reaching trust and failing to act in [Plaintiff's] best interests." (*Id.* at 6.) Plaintiff "contacted RXR expressing concerns about its breach of trust [and] fiduciary duties and seeking an accounting of the account for [Plaintiff's] review." (*Id.*) RXR, however, "failed to answer or rebut [n]otice." (*Id.*) RXR "continued [to] fail[] to respond or rebut the facts." (*Id.*) Plaintiff has "interpret[ed] their [*sic*] silence as a[] Respondent's implicit tacit agreement and acquiescence of the truth of those facts and acceptance of the settlement." (*Id.*) "As a result, [Plaintiff] and [her] Family Estate have suffered irreparable harm and injury." (*Id.*)

## DISCUSSION

### A.   Plaintiff's claims on behalf of others

To the extent that Plaintiff asserts claims *pro se* on behalf of others, including members of her family, a trust, and/or a deceased person's estate in which she is one of multiple beneficiaries, the Court must dismiss such claims. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing [herself].'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another person or on behalf of an artificial entity, *see United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); courts generally do not allow corporations, partnerships, associations, and other artificial entities, such as trusts, to appear in court without an attorney, *see Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993); *Bell v. S. Bay. European Corp.*, 486 F.

Supp. 2d 257, 259 (S.D.N.Y. 2007) ("A trust is deemed an artificial entity for the purposes of the rule barring a nonlawyer trustee from representing the interests of the trust."). In addition, a nonlawyer beneficiary is not permitted to assert claims on behalf of a deceased person's estate *pro se* when there are other beneficiaries to that estate. *Compare Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 893 (2d Cir. 2019) ("[W]hen the administrator and *sole beneficiary* of an estate with no creditors seeks to appear *pro se* [in federal court] on behalf of the estate, she is in fact appearing *solely on her own behalf*, because she is the only party affected by the disposition of the suit. Under those circumstances, the assignment of the sole beneficiary's claims to a paper entity – the estate – rather than to the beneficiary herself, is only a legal fiction." (citing *Guest v. Hansen*, 603 F.3d 15, 20-21 (2d Cir. 2010) (emphasis added))), *with Guest*, 603 F.3d at 20 ("Where there are other beneficiaries, 'an action cannot be described as the litigant's own, because the personal interests of the estate, *other survivors*, and possible creditors . . . will be affected by the outcome of the proceedings." (quoting *Iannaccone*, 142 F.3d at 559 (emphasis added))).

Plaintiff does not allege that she is an attorney. She seems, however, to assert claims *pro se* on behalf of other people, including members of her family, and on behalf of a trust, and/or on behalf of a deceased person's estate in which she appears to be one of multiple beneficiaries (the "Family Estate" (ECF 8, at 6)). Because Plaintiff is not permitted to do so, the Court dismisses these claims without prejudice.

**B.       Private prosecution**

By citing federal criminal statutes, 18 U.S.C. §§ 241, 242, Plaintiff seems to seek the federal criminal prosecution of the defendants. If that is the case, the Court must dismiss those claims for such relief. Plaintiff cannot initiate a criminal prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454

U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the federal criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the federal criminal prosecution of anyone, including the defendants, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

### C.    Claims under 42 U.S.C. § 1983 and RICO against the State of New York

The Court must dismiss Plaintiff's claims brought under 42 U.S.C. § 1983 and RICO against the State of New York. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. (internal quotation marks and citation omitted). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Congress has not abrogated the States' immunity from claims under Section 1983 and RICO, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990) (Section 1983); *Komatsu v. City of New York*, No. 1:20-CV-6510 (LLS), 2020 WL 8641274, at *3 (S.D.N.Y. Oct. 21, 2020)

5

(RICO), *aff'd sub nom.*, *Komatsu v. Cubesmart*, 2021 WL 6060603 (2d Cir. Dec. 20, 2021) (summary order); *Combier v. New York*, No. 09-CV-5314 (RJH) (FM), 2010 WL 3785130, at *7 (S.D.N.Y. Aug. 25, 2010) (same), *report & recommendation adopted*, 2010 WL 3835030 (S.D.N.Y. Oct. 1, 2010), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's claims under Section 1983 and RICO against the State of New York under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction, and for seeking monetary relief from a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

**D.     Claims under Section 1983 against Alexander, Lenihan, and RXR**

The Court must dismiss Plaintiff's claims under Section 1983 against Alexander, Lenihan, and RXR. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[ ] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under Section 1983,] a litigant claiming that [her] constitutional rights have been violated must first establish that the

6

challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Private parties generally are not state actors, and therefore are not usually liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), a private attorney's legal representation does not constitute state action for the purpose of stating a claim under Section 1983 against that attorney, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender, *see Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981), and *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)); *see also Shorter v. Rice*, No. 12-CV-0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position.").

Alexander, RXR, and Lenihan, whom Plaintiff alleges is an attorney, all appear to be private parties, and Plaintiff alleges no facts showing that any of them acted as a state actor with regard to the alleged violations of Plaintiff's federally protected rights. Thus, the Court dismisses Plaintiff's claims under Section 1983 against those defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

E.  **Claims under RICO against Alexander, Lenihan, and RXR**

Plaintiff seems to attempt to assert claims against Alexander, Lenihan, and RXR under the civil provision of RICO, which "creates a private right of action for individuals to enforce the RICO statute." *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 322 (E.D.N.Y. 2004). The civil RICO enforcement provision states that "[a]ny person injured in [her] business or property by reason of

7

a violation of [18 U.S.C. § 1962] . . . may sue . . . in any appropriate United States district court and shall recover threefold the damages." 18 U.S.C. § 1964(c). In order to state a violation of Section 1962, and thus, a claim under the civil RICO enforcement provision, a plaintiff must allege facts showing: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting Section 1962(a)-(c)). Such a plaintiff must also "allege that [s]he was 'injured in [her] business or property *by reason* of a violation of section 1962.'" *Id.* (quoting § 1964(c) (emphasis in original)).

To state a claim of a civil RICO conspiracy under Section 1962(d), a plaintiff must allege facts showing that the defendants "agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244 (2d Cir. 1999). A plaintiff must also show that, "if the agreed upon predicate acts had been carried out, they would have constituted a pattern of racketeering activity." *Id.* at 244-45.

Civil RICO claims must be brought against a defendant "in the district court of the United States for any district in which such [defendant] resides, is found, has an agent, or transacts [his/her/its] affairs." 18 U.S.C. § 1965(a). Plaintiff does not allege where RXR is found or has an agent, but she seems to allege that it transacts its affairs within this judicial district; she does not allege any facts, however, showing that Alexander and Lenihan are found, have an agent, or transact their affairs within this judicial district. Thus, while this court appears to be a

proper venue for Plaintiff's claims under RICO against RXR, Plaintiff has not alleged facts sufficient to show that this court is a proper venue for her claims under RICO against Alexander and Lenihan.

Notwithstanding whether this court is a proper venue for Plaintiff's civil claims under RICO against Alexander, Lenihan, and/or RXR, Plaintiff fails to provide any facts that would support a civil claim under RICO – either a claim for civil enforcement or one of conspiracy – against any of those defendants; she alleges nothing that would satisfy the pleading standard for either type of claim against any of those defendants. Rather, Plaintiff's claims seem to arise from a dispute with RXR about real estate located in Yonkers, New York. Thus, the Court dismisses these claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### F.    Claims under state law

The Court understands Plaintiff's claims under state law as brought under the court's supplemental jurisdiction. A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed Plaintiff's claims of which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction of any of Plaintiff's claims under state law. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**G.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to file a second amended complaint.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reason set forth in this order.

SO ORDERED.

Dated:   December 10, 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge